## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEMMA L. PIERCHALSKI, DMD; AND )
JOSEPH ABRAHAM, )
  )   2:19-cv-01352-RJC
  )
Plaintiffs, )
  )
  )   Judge Robert J. Colville
vs. )
  )
CHRISTINE PRYOR, SAMUEL SANDERS )
IV, D. PARTHENIA COGDELL, MID- )
CENTURY INSURANCE COMPANY, )
  )
Defendants. )

## MEMORANDUM OPINION

Robert J. Colville, United States District Judge

      Before the Court are a Motion to Dismiss filed on behalf of defendant Mid-Century Insurance Company (hereinafter "Mid-Century") (ECF No. 22), a motion to remand to state court filed on behalf of Plaintiffs Gemma L. Pierchalski ("Pierchalski") and Joseph Abraham ("Abraham") (collectively, "Plaintiffs") (ECF No. 25) and a Motion to Dismiss filed on behalf of defendants Samuel Sanders IV and D. Parthenia Cogdell (collectively, "State Court Defendants") pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6).  For the reasons stated herein, the motions to dismiss will  granted with prejudice as to State Court Defendants, granted without prejudice as to Mid-Century, and the motion to remand will be denied.

## I.     Factual Background and Procedural History

      Gemma L. Pierchalski, DMD and Joseph Abraham, husband and wife, initiated a lawsuit in the Court of Common Pleas of Allegheny County  against defendants Samuel Sanders and Parthenia Codgell, ("the State Court defendants")  arising out of an accident that allegedly occurred

on March 21, 2016 ("the 2016 accident"). *Pierchalski et al v. Sanders et al.*, GD 18-003817. That

matter was removed to this court and subsequently remanded to state court. *Pierchalsky v. Sanders*,

C.A. 2:18-cv-01540-DSC-CRE (April 29, 2019)(closed case).

Pierchalski was in another accident over a year later.  She and her husband Abraham, both

residents of Pennsylvania, commenced this action with the filing of Complaint in the Court of

Common Pleas of Allegheny County on August 29, 2019. The matter was subsequently removed

to this court by Mid-Century Insurance on October 21, 2019 (ECF No. 10).  Mid-Century was

initially mis-identified by Plaintiffs as Farmers Insurance Group.  The allegations in the original

Complaint are as follows.    Plaintiff Gemma Pierchalski was in an automobile accident with

Christine Pryor on September 1, 2017 in Cranberry Township, Pennsylvania. (ECF No. 1-1, ¶¶ 7-

8).  Defendants Mid-Century and Christine Pryor are both residents of California. (ECF No. 1-1,

¶¶ 4, 5).  Count I alleges negligence as to Pryor.  (ECF No. 101 at ¶¶ 7-12).  Pierchalski seeks

compensation for alleged serious injuries she contends that resulted from the accident.  Her

husband Joseph Abraham's claim is for loss of consortium. (ECF No. 1-1, ¶¶ 11-12). In Count II

of her original Complaint,  Pierchalski avers that she had an insurance policy for first party

benefits, including underinsured motorist benefits and first party medical insurance, with "Farmers

Insurance Group." She contends that as a result of the September 1, 2017 accident and as a result

of a prior accident that is the subject of a pending lawsuit in the Court of Common Pleas of

Allegheny County, *Abraham et al. v. Cogdell et al.*, she is entitled to medical and underinsurance

benefits pursuant to her insurance policy. (ECF No. 1-1, ¶¶ 13-15). She claims that "Farmers

Insurance Group" violated the Pennsylvania Motor Vehicle Financial Responsibility Law, 75

Pa.C.S. § 1701, *et seq.* and 42 Pa.C.S. § 8371 by allegedly wrongfully denying her first party

medical benefits incurred as a result of the 2017 and 2016 accidents. (doc. 1-1, ¶ 17). These claims

are set forth in Count II of her Complaint against "Farmers Insurance Group." Joseph Abraham's loss of consortium claim is set forth against Pryor and "Farmers Insurance Group" in Count III of Plaintiffs' original Complaint.

On November 4, 2019, Plaintiff filed a Motion for Leave to File Amended Complaint. (ECF No. 6). Plaintiffs sought leave to amend their original complaint to join the State Court Defendants, contending that Plaintiffs' injuries constitute common questions of law and fact and that their right to relief arises out of the same transaction, or series of transactions or occurrences, pursuant to Federal Rule of Civil Procedure 20(a).   Defendants objected to the addition of said claims on the grounds that the 2016 and 2017 accidents involve different sets of facts, different witnesses and different parties. (ECF No. 15 at 2).

On December 17, 2019, Plaintiffs filed First Amended Complaint ("FAC") (ECF No. 20).[1] Fed. R. Civ. P. 15 (a)(1)(B).   The FAC, further described below, seeks to join the State Court Defendants, and alleges one count of negligence against them, seeking damages incurred as a result of the motor vehicle accident occurring on March 21, 2016.  The First Amended Complaint avers that Defendant Christine Pryor is a California resident, Defendant Samuel Sanders, IV is a Pennsylvania resident and Defendant D. Parthenia Cogdell is a New Jersey resident.   Thus, diversity jurisdiction would not apply should joinder be permitted.   ("Plaintiff believes and therefore avers that defendant Samuel Sanders IV is a citizen of Pennsylvania. As such, this Court no longer has jurisdiction under 28 U.S.C. § 1332(a) and this matter should be remanded to Court of Common Pleas for Allegheny County.") (FAC ¶ 9).

---

[1] The FAC was filed while Mid-Century's first motion to dismiss and Plaintiffs' motion for leave to amend were pending.  Those motions were dismissed without prejudice as moot. (ECF No. 24).

Mid-Century filed a Motion to Dismiss the FAC on December 23, 2019 (ECF No. 22) on the grounds Plaintiffs failed to state a claim with the requisite specificity, citing Fed. R. Civ. P. 12(b)(6). Mid-Century also requested that the joinder of the State Court Defendants be stricken. Plaintiff's then filed the now-pending Motion to Remand (ECF No. 25), arguing that the original Complaint was amended as of right under Fed. R. Civ. P. 15, and that the joinder divests this Court of jurisdiction. (ECF No. 26 at 2). State Court Defendants Cogdell and Sanders filed a Motion to Dismiss (ECF No. 37) arguing that the FAC should be dismissed on the grounds of lack of subject matter jurisdiction pursuant to Federal Rule of Civil procedure 12(b)(1). The Motion to Dismiss further argues that joinder of the State Court Defendants is impermissible under 28 U.S.C. Section 1447(e), and that the two-year statute of limitations bars any claims as to the 2016 accident.

All matters have been fully briefed and are ripe for consideration.

The FAC avers that Gemma Pierchalski was in an automobile accident with State Court Defendant Sanders on March 21, 2016 while he was driving a vehicle owned or controlled by state court Defendant Cogdell. (FAC ¶ 10). The FAC further avers Gemma Pierchalski was in another automobile accident with Defendant Pryor on September 1, 2017 when Pryor allegedly struck Pierchalski with her vehicle. (FAC ¶¶ 17-19). Plaintiffs assert that Plaintiff Pierchalski received treatment with many of the same doctors for her injuries sustained in both the 2016 and 2017 accidents. (FAC ¶ 24). They aver that they do not have a copy of their automobile insurance policy with Mid-Century Insurance Company in effect at the time of both accidents and thus they are unable to attach it to their pleading. However, they contend that Mid-Century has refused to pay for reasonable and necessary treatment that Plaintiff Pierchalski required following both accidents and that she has additionally sustained loss of income that Mid-Century has not paid. Plaintiffs additionally contend that she sustained damages in excess of the tortfeasors' liability coverage in

both accidents and that they are therefore entitled to underinsured motorist benefits from Mid-Century for both accidents.

Count I of the FAC alleges negligence as to Defendant Pryor.  Count II alleges negligence as to State Court Defendants Sanders and Cogdell. Count III asserts claims for breach of insurance contract and bad faith against Mid-Century and a "request for statutory remedies." Plaintiff Pierchalski contends she is entitled to medical benefits under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 P.S.C. § 1701 *et seq.*, and underinsured motorist benefits for both the 2016 and 2017 accidents. Plaintiff further claims that Mid-Century has wrongfully refused to pay Pierchalski  first party medical and income loss benefits and that Mid-Century had no reasonable basis in denying her first party medical and income loss benefits. Count III seeks damages under Pennsylvania's insurance bad faith statute, 42 Pa.C.S. § 8371, including punitive damages.

 In Count IV Joseph Abraham, Pierchalski's husband, seeks damages for loss of consortium, and names Pryor, the State Court Defendants, and Mid-Century.  Abraham claims that he has been or may be compelled to expend money for his wife's medical treatment and that he has been deprived of her aid, comfort, society, companionship and affection and that he has suffered and/or continues to suffer from his wife's loss of earning and/or loss of earning capacity.

Defendant Pryor, named in Counts I (negligence) and  IV (loss of consortium) has filed an Answer to the FAC.

## II.    Legal Standard

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail

on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556).   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.... Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr, Corp*., 809 F.3d 780 (3d Cir. 2016). The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal,* 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. *See also Burtch v. Milberg Factors, Inc*., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity

> and then determine whether they plausibly give rise to an entitlement to relief."
> *Iqbal,* 556 U.S. at 679.

809 F.3d at 876-77. "Determining whether a complaint states a plausible claim for relief will ...

be a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Iqbal,* 556 U.S. at 679 (internal citations omitted)

## III.    Discussion

### A. Joinder of  State Court Defendants, Motion to Remand, and Jurisdiction

Federal Rule of Civil Procedure 20, governs permissive joinder of parties.  It states:

> (a) Persons Who May Join or Be Joined.
>
>        * * *
>
>        (2) Defendants. Persons—[...]--may be joined in one action as defendants if:
>
>  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> B) any question of law or fact common to **all** defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added). This rule "is designed 'to promote judicial economy

and reduce inconvenience, delay, and added expense.'" *Cooper v. Fitzgerald*, 266 F.R.D. 86, 91

(E.D. Pa. 2010) (quoting *Al Daraji v. Monica*, No. C.A. 07-1749, 2007 WL 2994608, at *10 (E.D.

Pa. Oct. 12, 2007)).  "A court should generally apply a liberal approach to permissive joinder," but

"because the purpose of this rule is to promote trial convenience and expedite the final

determination of disputes, the district court has discretion to deny joinder pursuant to Rule 20 if it

would result in prejudice, expense, or delay." *Bay v. City of Philadelphia*, No. C.A. 03-5358, 2005

WL 950608, at *2 (E.D. Pa. Apr. 20, 2005); *see also* 7 Charles Alan Wright & Arthur R. Miller,

Federal Practice and Procedure § 1652 (3d ed. 2018) ("[T]he court has discretion to deny joinder

if it determines that the addition of the party under Rule 20 will not foster the objectives of the

rule, but will result in prejudice, expense or delay."). We note that the rule clearly states that the questions of law or fact must be common to all defendants.

We are also guided by 28 U.S.C. Section§ 1447(e), which provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e).

Thus, Section 1447(e) gives a district court discretion whether to permit a plaintiff to join a diversity-destroying defendant in a removal action. *Aldorasi v. Crossroads Hospitality and Management Company, LLC*, 344 F.Supp.3d 814, 826 (E.D. Pa. 2018). The court explained:

> While the Third Circuit Court of Appeals "has not yet addressed the appropriate analytical approach to § 1447(e)," district courts within the Third Circuit have followed the approach adopted by the Fifth Circuit Court of Appeals *in Hensgens v. Deere & Co*., 833 F.2d 1179 (5th Cir. 1987). *See Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 840-41 (3d Cir. 2014) (finding it unnecessary to decide whether to adopt the *Hensgens* approach, but noting district courts within the Third Circuit have done so). Under this approach, a district court faced with an amended pleading naming a nondiverse defendant in a removal case "should scrutinize that amendment more closely than an ordinary amendment," and should "consider a number of factors to balance the defendant's interest in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Hensgens*, 833 F.2d at 1182. Such factors include "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities." *Id.* If, after balancing the equities, the court allows the amendment, it must remand the case to state court. 28 U.S.C. § 1447(e); *see also Hensgens*, 833 F.2d at 1182.

*Id.*

After application of these factors, we conclude that the amendment adding State Court Defendants will not be permitted. Plaintiffs, represented by the same counsel in both the state court action and this action, was obviously aware of the non-diverse defendants at the time the complaint was filed in state court on August 29, 2019. As of that time, their lawsuit against

Sanders and Cogdell was pending in the Court of Common Pleas of Allegheny County, having been filed on September 14, 2018.  Accordingly, we conclude that the addition of these defendants was an attempt to destroy diversity.  *Stewart v. Wal-Mart Distrib. Ctr.*, No. 12-4958, 2013 WL 1482217, at *2 (E.D. Pa. Apr. 11, 2013) (quoting *Montalvo v. John Doe I*, No. 10-2617, 2010 WL 3928536, at *3 (E.D. Pa. Oct. 5, 2010)).  Although we see no evidence of dilatoriness in asking for the amendment, we note, as to the third factor, that there will not be a significant injury to Plaintiffs by denying the amendment, because they are seeking recovery in the other lawsuit.  As to the fourth factor, and in balancing all the equities, the facts and circumstances surrounding two different car accidents occurring in two separate years involving different drivers does not appear permissible, having arisen out of different transactions or occurrences.

For these reasons, the motion to remand will be denied and the motion to dismiss filed on behalf of Defendants Sanders and Cogdell will be granted for lack of subject matter jurisdiction. 28 U.S.C. 1332(a)

### B. Mid-Century's Motion to Dismiss

Next, we address the motion to dismiss filed on behalf of defendant Mid-Century. As in the original Complaint, Plaintiffs do not aver the amount of liability insurance available to the tortfeasors for the accident, the status of her claim against the insured, and they do not aver whether the liability limits of the tortfeasor's coverage has been exhausted. Thus, Mid-Century argues, it is unknown whether Plaintiffs' underinsured motorist claim is ripe.  Mid-Century further argues that the FAC does not describe the nature of her injuries, damages, or specific conduct in support of the statutory bad faith claim

The Pennsylvania bad faith statute creates a cause of action against an insurer for its bad faith in handling its insured's claim. *Toy v. Metro. Life Ins. Co.*, 593 Pa. 20, 928 A.2d 186, 199–

200 (2007). Where an insurer had no reasonable basis for denying benefits, it may be liable for bad faith. *Wolfe v. Allstate Prop. & Cas. Ins. Co*., 790 F.3d 487, 498 (3d Cir.2015) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co*., 437 Pa. Super. 108, 649 A.2d 680, 688 (1994)). The insurer may also be liable for its failure to investigate a claim. *O'Donnell ex rel. Mitro v. Allstate Ins. Co.*, 734 A.2d 901, 906 (Pa. Super.1999). A plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements. *See Smith v. State Farm Mut. Auto. Ins. Co.,* 506 Fed.Appx. 133, 136 (3d Cir. 2012) (affirming the dismissal of an insurance bad faith claim that pled conclusory statements without facts); *see also Riedi v. GEICO Cas. Co*., No. 16-6139, 2017 WL 1326318, at *3 (E.D. Pa. Apr. 11, 2017) ("There are no facts showing how GEICO lacked a reasonable basis for its decision to not pay [underinsured motorist] benefits ... the complaint fails to state a plausible bad faith claim."); *Atiyeh v. National Fire Ins. Co. of Hartford*, 742 F.Supp.2d 591, 600 (E.D. Pa. 2010) (holding that "bare-bones" conclusory allegations do not state a plausible claim for bad faith). A plaintiff cannot merely say that an insurer acted unfairly, but instead must describe with specificity what was unfair. *Id*.

Here, Plaintiff's breach of contract and bad faith claims consists only of conclusory and boilerplate statements (FAC ¶¶ 53-56), and therefore, the motion to dismiss these claims will be granted. She has not attached the insurance contract to her FAC,[2] nor has she pled specific facts about defendant's conduct. She has merely alleged legal conclusions, and because the legal conclusions pled in the FAC are not facts, they are not assumed to be true and do not meet the *Twombly/Iqbal* standard.

Accordingly, Mid-Century's motion to dismiss will be granted. Out of an abundance of caution Plaintiff will be granted leave to file a Second Amended Complaint and amendment will

---

[2] To the extent they have not already done so, the parties are encouraged to work together to get the necessary policy documentation to Plaintiffs' counsel as expeditiously as possible.

be permitted as to the allegations of bad faith.  State Court Defendants Sanders and Cogdell will

be dismissed with prejudice.

**IV.  Conclusion**

      An appropriate Order of Court follows.


                                                  BY THE COURT:


                                                  s/  *Robert J. Colville*
                                                  Robert J. Colville
                                                  United States District Judge

DATED: October 9, 2020

cc/ecf: All counsel of record