**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GEMMA L. PIERCHALSKI, DMD; AND JOSEPH ABRAHAM, | ) |
| | ) |
| | ) 2:19-cv-01352-RJC |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Judge Robert J. Colville |
| | ) |
| MID-CENTURY INSURANCE COMPANY and CHRISTINE PRYOR, | ) |
| | ) |
| | ) |
| Defendants. | ) |

<u>**MEMORANDUM OPINION**</u>

Robert J. Colville, United States District Judge

Before the Court is a Motion to Dismiss filed on behalf of defendant Christine Pryor (ECF No. 44), in which Pryor seeks dismissal on the grounds of failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, Pryor request we dismiss or strike paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 26, and 31 of the Second Amended Complaint as immaterial and impertinent to this action, pursuant to Federal Rule of Civil Procedure 12(f). Plaintiffs oppose the motion. For the reasons stated herein, we will deny the motion to dismiss for failure to state a claim but will order that the disputed paragraphs be stricken.

**I. Factual Background and Procedural History**

Plaintiffs Gemma L. Pierchalski ("Pierchalski") and Joseph Abraham ("Abraham") (collectively, "Plaintiffs"), husband and wife, initiated a lawsuit in the Court of Common Pleas of Allegheny County against defendants Samuel Sanders and Parthenia Codgell, ("the State Court defendants") arising out of an accident that allegedly occurred on March 21, 2016 ("the 2016 accident") in the Bakery Square neighborhood of Pittsburgh. *Pierchalski et al v. Sanders et al.*,

1

GD 18-003817. That matter was removed to this court and subsequently remanded to state court. *Pierchalsky v. Sanders*, C.A. 2:18-cv-01540-DSC-CRE (April 29, 2019) (closed case).

Pierchalski was in another accident over a year later ("the 2017 accident") which occurred in Cranberry Township, Pennsylvania. She and her husband commenced this action with the filing of Complaint in the Court of Common Pleas of Allegheny County on August 29, 2019. The matter was subsequently removed to this court by Mid-Century Insurance on October 21, 2019 (ECF No. 10). On December 17, 2019, Plaintiffs filed First Amended Complaint ("FAC") (ECF No. 20). Fed. R. Civ. P. 15 (a)(1)(B).

Mid-Century filed a Motion to Dismiss the FAC on December 23, 2019 (ECF No. 22) on the grounds Plaintiffs failed to state a claim with the requisite specificity, citing Fed. R. Civ. P. 12(b)(6). Mid-Century also requested that the joinder of the State Court Defendants be stricken. Plaintiff's then filed a Motion to Remand (ECF No. 25), arguing that the original Complaint was amended as of right under Fed. R. Civ. P. 15, and that the joinder divests this Court of jurisdiction. (ECF No. 26 at 2). State Court Defendants Cogdell and Sanders filed a Motion to Dismiss (ECF No. 37) arguing that the FAC should be dismissed on the grounds of lack of subject matter jurisdiction pursuant to Federal Rule of Civil procedure 12(b)(1). In their Motion to Dismiss they further argued that joinder of the State Court Defendants is impermissible under 28 U.S.C. Section 1447(e), and that the two-year statute of limitations bars any claims as to the 2016 accident.

On October 9, 2020 we denied the motion to remand and granted the motion to dismiss filed on behalf of Defendants Sanders and Cogdell for lack of subject matter jurisdiction. 28 U.S.C. 1332(a). (ECF No. 42). In addition, because Plaintiff's breach of contract and bad faith claims consists only of conclusory and boilerplate statements, we granted Mid-Century's motion to dismiss these claims, noting Plaintiff had not attached the insurance contract to her FAC, nor

had she pled specific facts about defendant's conduct and instead, relied upon legal conclusions, which do not meet the *Twombly/Iqbal* standard. Plaintiff was be granted leave to file a Second Amended Complaint and amendment was permitted as to the allegations of bad faith. State Court Defendants Sanders and Cogdell were dismissed with prejudice.

On October 23, 2020 Plaintiff filed the Second Amended Complaint ("SAC") (ECF No. 43) naming Christine Pryor and Mid-Century Insurance Company, d/b/a Farmers Insurance as defendants. In response, Defendant Christine Pryor filed the now-pending Motion to Dismiss on November 9, 2020 (ECF No. 44) and on November 17, 2020 Defendant Mid-Century filed an answer. (ECF No. 47). In Count I of the SAC Plaintiff Gemma Pierchalski alleges negligence as to Defendant Pryor arising out of the 2017 car accident. In Count II she asserts a claim against Mid-Century Insurance Company for violations of the Pennsylvania Motor Vehicle Financial Responsibility Law, pursuant to 75 Pa. C.S. §1797. In Count III both Plaintiffs allege breach of insurance Contract as to Mid-Century, and in Count IV Plaintiff Joseph Abraham alleges a loss of consortium.

The following paragraphs, which reference the 2016 accident, are the subject of the present motion:

7. On March 21, 2016, at approximately 12:15pm, an individual and former party to this matter, Samuel Sanders IV, attempted to turn right onto Penn Avenue in the Bakery Square neighborhood of Pittsburgh.

8. While doing so, Mr. Sanders caused the front of the vehicle he was operating to come into contact with the rear of a completely stopped vehicle occupied by plaintiff as a passenger.

9. Mr. Sanders ultimately admitted that his car was traveling approximately fifteen (15) to eighteen (18) feet per second at the moment of impact.

10. The impact caused Dr. Pierchalski's body to be hit by extreme and dangerous forces which caused her to sustain significant and serious injuries.

11. The injuries caused by this accident include:
   a) annular tear of lumbar disc;
   b) aggravation of pre-existing disease of the cervical, thoracic and lumbar spine;
   c) pelvic floor injury and pain;
   d) sciatica;
   e) thoracic disc protrusion at T4-5;
   f) abdominal injury and discomfort;
   g) cervical, thoracic and lumbar strain;
   h) left knee injury;
   i) left shoulder injury;
   j) cervical disc bulge; and
   k) whiplash.

12. At the time of the accident, Dr. Pierchalski was performing work for her employer, Hermine Dental Labs.

13. Because Dr. Pierchalski was working for her employer at the time of the accident, Hermine Dental Labs incurred workers' compensation costs of $135,372.79. Hermine Dental Labs holds a subrogation lien in this matter as permitted by § 319 of Pennsylvania's Workers' Compensation Act.

14. Upon information and belief, Mr. Sanders maintained liability insurance in the amount of $100,000.00.

* * *

26. Of note, in relation to the accident of September 1, 2017, Farmers Insurance challenged the relatedness of medical bills through a peer reviews that were completed by William Schroeder, D.C. and Milton J. Klein, D.O.

***

31. In addition to the accident of 2017, Farmers Insurance has refused to pay for medical treatment made necessary by the accident of March 21, 2016.


   Defendant Pryor summarizes her objection;

Plaintiff has unsuccessfully filed complaints in both state and federal courts trying to combine two different lawsuits into one. . . . Plaintiff has once again attempted to include the unrelated claims. The allegations in those paragraphs claim Mr. Sanders was part of this lawsuit at some point in the past, which is incorrect. He was never party to this claim and this lawsuit. In fact, Plaintiff filed a separate action unrelated to this claim. Plaintiff's motions to consolidate these matters have been dismissed by both state and federal courts.

(ECF No. 44 at 5).  Pryor then argues that Plaintiff has incorrectly attempted to include claims

against an unrelated party, which is impertinent and immaterial to the allegations against Pryor.

## II. Legal Standard

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.... Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr, Corp.*, 809 F.3d 780 (3d Cir. 2016). The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal,* 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679.

809 F.3d at 876-77. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679 (internal citations omitted)

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Synthes, Inc. v. Emerge Med., Inc.*, No. 11-1566, 2012 WL 4473228 at *3 (E.D. Pa. Sept. 28, 2012) (Buckwalter, J.). However, 12(f) motions to strike are disfavored and infrequently granted, usually only where the allegations have no relevance to the controversy and may prejudice the parties. *Id.* To prevail on a 12(f) motion, "the moving party must demonstrate that 'the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or [that] the allegations confuse the issues.'" *Aetna Inc. v. Insys Therapeutics, Inc.*, 324 F. Supp. 3d 541, 560 (E.D. Pa. 2018) (alteration in original) (quoting *DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 428-29 (E.D. Pa. 2007))

**III. Discussion**

In order to state a claim for negligence under Pennsylvania law, a claimant must plead the following four elements: "(1) a duty or obligation recognized by the law requiring the defendant to conform to a certain standard of conduct of the protection of others against unreasonable risks; (2) defendant's failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; [and] (4) actual loss or damage resulting to the plaintiff." *R.W. v. Manzek*, 888 A.2d 740, 746 (Pa. 2005). Plaintiff has alleged that "on or around September 1, 2017, defendant Pryor attempted to make a left turn onto a four lane highway in Cranberry Township, Pennsylvania. (SAC ¶15). While doing so, she negligently pulled out into oncoming traffic and struck the side of Dr. Pierchalski's car with the front of her vehicle. (SAC ¶16). Had defendant Pryor used proper care, as she had a duty to do, then she would have observed Dr. Pierchalski's vehicle and not have proceeded into traffic in the manner she did. (SAC ¶17). The impact caused Dr. Pierchalski's body to be hit by extreme and dangerous forces which caused her to sustain significant and serious injuries. (SAC ¶18). In and of itself, this states a viable claim as to the 2017 accident.

However, Plaintiff has not alleged any factual allegations which would state a claim that Pryor was involved in any way in the 2016 accident, or owed a duty to Plaintiff arising out of the 2016 accident, and the cited paragraphs in the complaint will be stricken on the grounds that they improperly confuse the legal issues possibly related to the controversy and may cause prejudice to one of the parties. In short, the allegations serve only to confuse the issue of Pryor's potential liability arising out of the accident. The two accidents are not a single case or controversy. In the interest of justice, and pursuant to the applicable rules, the motion to strike paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 26, and 31 of the Second Amended Complaint as

immaterial and impertinent to this action, pursuant to Federal Rule of Civil Procedure 12(f), will be granted.

## IV. Conclusion

An appropriate Order of Court follows.

BY THE COURT:

s/ *Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: June 25, 2021

cc/ecf: All counsel of record